## No. 15,191.

MOGUEZ ET AL. *v.* SCHOOL DISTRICT NO. 64 IN THE COUNTY
OF LAS ANIMAS ET AL.

(128 P. [2d] 480)

Decided August 3, 1942.

Mr. ARTHUR L. OLSON, for plaintiffs in error.

Mr. FRANK H. HALL, for defendants in error.

*En Banc.*

MR. CHIEF JUSTICE YOUNG delivered the opinion of the court.

THE parties to this action appear here in the same relative position as in the district court, and for convenience are designated as plaintiffs and defendants.

Plaintiffs, and five others named by them in their complaint, each of whom is alleged to be a duly qualified, but not a taxpaying, elector, and all of whom, as it is averred, would have voted against the dissolution and annexation of School District No. 64 at a special election held to determine that issue pursuant to section 64, chapter 146, '35 C.S.A., were not permitted to vote thereat because they were not taxpaying electors. Only two taxpaying electors voted, both casting their ballots for dissolution of the district, and it was accordingly declared dissolved.

The prayer of the complaint was that the election be declared void and that District No. 64 be adjudged a duly organized and existing school district, unaffected by said attempted dissolution.

Defendants, by motion, attacked the complaint on the ground that it was insufficient to entitle plaintiffs to any relief. The district court sustained the motion and entered judgment of dismissal, to reverse which plaintiffs prosecute a writ of error.

The sole question raised by the specification of points is whether section 64, supra, requires as a prerequisite to voting at such an election, that an elector, admittedly

possessing all other qualifications, must be a taxpayer.

 The determination of the issue depends upon a construction of the statute involved, the pertinent provisions of which are as follows:

"Whenever a third class fails to maintain a school for a period of one (1) year or more, or whenever the school population of the preceding year in such districts shall be less than ten, or whenever the local economic conditions are such that in the opinion of the county superintendent of schools any district within the county will be unable to maintain a school of reasonable standard during the next ensuing year, the question of the dissolution of said district and of the annexation of such territory to an adjoining district or districts shall be determined by submitting the question to the electors of the said first mentioned district upon the motion of the board of directors of said district or upon the petition of not less than one-fourth of the qualified electors which election shall be called for that purpose by the county superintendent of schools within thirty days from the filing of said petition with such official.

*"Such election shall be held, notices posted and returns canvassed as provided by law for elections on the question of creating a bonded indebtedness in school districts of the third class as far as the same are applicable unless otherwise provided in this section."* (Italics ours)

Clearly, unless the foregoing italicized portion of the statute limits participation in such an election to tax-paying electors, any elector, whether a taxpayer or not, may participate. There is no other provision in the statute, nor is there any suggestion, express or implied, that one must be a taxpayer in order to qualify him to vote in such an election.

When the General Assembly passed legislation providing for elections to authorize the incurrence of an indebtedness and the issuance of bonds by a third class school district, it *specifically* restricted the right to vote "to such of the qualified electors of the district as shall

have paid a school tax therein in the year next preceding such election." '35 C.S.A., c. 146, §121.

Does that portion of section 64 which we have italicized, have the effect of restricting the meaning of the word "electors" as used in the preceding portion of the statute so that it would apply only to taxpaying electors who are qualified to vote on the incurring of a bonded indebtedness? To answer in the affirmative would be to violate the mandate, that in the construction of Colorado statutes all words and phrases shall be understood and construed according to the approved and common usage of the language unless such construction shall be manifestly inconsistent with the intent of the legislature ('35 C.S.A., c. 159, §2), and give to the word "elector," used without modification, a restricted meaning when the legislative intent so to do does not appear.

Sections 61 and 62, chapter 146, '35 C.S.A., provide for the organization of new school districts, and nowhere in either of these sections is there a provision or a suggestion that the electors who vote for the organization of such districts shall be taxpaying electors. No sufficient reason appears to us why a school district, that may be organized by nontaxpaying electors, may be dissolved only by an election at which the voters are limited to those persons who shall have paid a school tax, or why electors competent to create a district are incompetent to pass upon the question of whether it is to be continued in existence. The word "elector" as first used in the statutes, can be given meaning in accordance with the common usage of the language and still leave the italicized words of reasonable import. That in common usage the word "elector" does not connote property ownership or taxpaying as of its essentials, is evident from the fact that our State Constitution, article XI, sections 6, 7 and 8, provides that questions involving generally the creation of a municipal indebtedness shall be submitted to *such of the qualified electors* as in the year last preceding such election shall have paid a tax.

Section 121, supra, is a statutory example of the legislative recognition of the fact that the ordinary meaning of "elector" does not include taxpaying as one of its elements. The method, or mechanics of holding an election to pass upon the question of incurring a bonded indebtedness, are outlined in considerable detail in sections 123, 124, 125 and 127, chapter 146, '35 C.S.A. So far as the procedure is concerned, those statutory provisions regarding elections held for the purpose of contracting a bonded indebtedness are, so far as practicable, to be applied to elections relative to the dissolution of school districts. Such provisions are not, however, to be so construed as to limit or restrict specific declarations of the act of which they are a part. It was the intent of the legislators to adopt a procedure, rather than to specify the qualifications of voters which they already had definitely expressed; viz., that one who was a qualified elector—and payment of taxes is not required to constitute one such—should have the right to vote on the question of dissolution.

The judgment is reversed and the cause remanded with directions that further action, if any, shall be consistent with the views herein expressed.